IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER EUSTICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1489 |
| | § | |
| JPMORGAN CHASE & CO., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Christopher Eustice sued JPMorgan Chase & Co., alleging breach of contract, promissory estoppel, fraud, and violations of the Fair Credit Reporting Act, the Texas Debt Collection Act, and the Texas Financial Code. (Docket Entry No. 1-1). Chase timely removed and moved for judgment on the pleadings. (Docket Entry No. 1, 6). Eustice then amended his complaint and asked the court to deny the motion for judgment on the pleadings as moot. (Docket Entry Nos. 10, 12). Chase moved to dismiss the amended complaint, Eustice responded, and Chase replied. (Docket Entry Nos. 15, 17, 18).

Based on the amended complaint; the motion, response, and reply; and the applicable law, the court grants Chase's motion to dismiss, without prejudice and with leave to amend, no later than August 16, 2019. (Docket Entry No. 15). The reasons for this ruling are set out below.

**I.    Background**

Eustice alleges, without specifying when, that he opened four personal and business bank accounts, three personal credit cards, and one business credit card with Chase Bank. (Docket Entry No. 12 at ¶ 6). According to Eustice, Chase extended almost $100,000 in credit across the four credit cards. (*Id.* at ¶ 7). In November 2018, Chase "revoked those cards" for nonpayment. (*Id.* at ¶¶ 7–8). Eustice alleges that the revocation has damaged his credit. (*Id.* at ¶ 7).

Eustice alleges that Chase's revocation was not based on nonpayment because he had never missed a payment. (*Id.* at ¶ 8). According to Eustice, Chase instead revoked the cards "because he filed internal [Fair Credit Reporting Act] billing disputes for returned merchandise and defective merchandise." (*Id.* at ¶ 9). Eustice alleges that Chase has given credit bureaus inaccurate information about him, including reporting a $25,000 credit-card debt that he disputes. (*Id.* at ¶¶ 11–12).

## II.     The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

The court should generally give a plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15(a)] evinces a bias in favor of granting leave to amend." (quotation omitted)); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at

least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court may deny a motion to amend for futility if an amended complaint would fail to state a claim on which relief could be granted, using the Rule 12(b)(6) standard. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012). The district court has discretion to grant or deny leave to amend. *Id.*

### III. Analysis

Because Eustice is representing himself, the court construes his filings liberally, examining them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, self-represented litigants "'must abide by' the rules that govern the federal courts." *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013) (per curiam). "*Pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

#### A. The Fair Credit Billing Act and Fair Credit Reporting Act Claims

Eustice alleges that Chase "has failed to report disputed transactions and debts to the credit bureaus" and "pulled [his] credit report without permissible purpose," in violation of the Fair Credit Reporting Act. (Docket Entry No. 12 at ¶¶ 21–22). Chase argues that Eustice has not alleged facts supporting his "baseless claims" or given "a single instance that Chase ever engaged in the conduct alleged." (Docket Entry No. 15 at 5).

The Fair Credit Reporting Act imposes two general duties on those who give credit information to credit reporting agencies: (1) "a [d]uty of furnishers of information to provide accurate information," 15 U.S.C. § 1681s–2(a); and (2) "[d]uties of furnishers of information upon

3

notice of dispute," including to investigate disputes, correct inaccurate information, and inform the credit reporting agency of an investigation's results, 15 U.S.C. § 1681s–2(b). The Fair Credit Reporting Act also imposes civil liability on a person who willfully or negligently obtains a consumer report for a purpose that the FCRA does not authorize. *Norman v. Northland Grp., Inc.*, 495 F. App'x. 425, 426 (5th Cir. 2012); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010); *Gonzalez v. Cont'l Serv. Grp., Inc.*, 12–cv–553-A, 2013 WL 3810811, at *2 (N.D. Tex. July 23, 2013).

Eustice does not allege facts that could support an inference that he raised disputes with Chase as to specific transactions and debts made using his credit cards. He does not allege what those disputed debts and transactions were, or when he disputed them. (*See* Docket Entry No. 12 at ¶¶ 13–14, 21). His bare allegation that Chase did not report that unpaid transactions and debts were disputed is "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Eustice's § 1681s–2(a) claim also fails because the Fair Credit Reporting Act expressly precludes a private right of action for breaches of the duty to provide accurate information. 15 U.S.C. § 1681s–2(c); *see also Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002); *Finegan v. Chase Home Fin., LLC*, No. 4:10-cv-04645, 2012 WL 444046, at *3 (S.D. Tex. Feb. 10, 2012) ("There is no private cause of action under 15 U.S.C. § 1681s–2(a), which concerns the duty of furnishers of information to provide accurate information."). Eustice's § 1681s–2(a) claim that Chase did not accurately report his credit information is dismissed, with prejudice and without leave to amend, because amendment would be futile.

Although 15 U.S.C. § 1681s–2(b) gives a private right of action against a furnisher of credit such as Chase, that private right of action exists only if the consumer has notified a credit reporting agency of the disputed credit information first, the credit reporting agency informed the furnisher

4

of the dispute, and the furnisher did not investigate, correct inaccuracies, or inform the credit reporting agency of the investigation's results. *See* 15 U.S.C. §§ 1681i(a)(2), 1681s–2(b), 1681o(a); *Hall v. LVNV Funding, L.L.C.*, 738 F. App'x 335, 336 (5th Cir. 2018) (per curiam); *Smith v. Santander Consumer USA, Inc.*, 703 F.3d 316, 317 (5th Cir. 2012) (per curiam). After a consumer gives notice of a dispute to a credit reporting agency, the credit reporting agency must inform the credit furnisher of the consumer's complaint, and the credit furnisher must investigate and fix erroneous reports. *See Young*, 294 F.3d at 639.

As Chase correctly explains, a credit furnisher like Chase would have a duty under § 1681s–2(b) only if Eustice first disputed credit information with a credit reporting agency and that credit reporting agency then informed Chase of that dispute. (*See* Docket Entry No. 15 at 6–7); *Young*, 294 F.3d at 639; *Henry v. Capital One Bank (USA), N.A.*, No. 3:17-CV-2962-M-BK, 2018 WL 4346727, at *2 (N.D. Tex. Aug. 9, 2018), *report and recommendation adopted*, No. 3:17-CV-2962-M, 2018 WL 4335834 (N.D. Tex. Sept. 11, 2018). Eustice has not alleged that he informed a credit reporting agency of the dispute or that a credit reporting agency told Chase of that dispute and that Chase failed to act. Eustice's claim alleging that Chase did not fulfill its duty to investigate and fix erroneous reports under 15 U.S.C. § 1681s–2(b) is dismissed, without prejudice and with leave to amend, no later than August 16, 2019.

Eustice's claim that Chase "pulled [his] credit report without permissible purpose" also lacks factual allegations that could support a plausible inference that Eustice is entitled to relief. (Docket Entry No. 12 at ¶ 22). He does not allege when Chase pulled his credit report or why that action violated the law. (*See id.*). Because this claim does not allege facts supporting "a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, the court dismisses this claim, without prejudice and with leave to amend, no later than August 16, 2019.

Eustice's complaint does not specify what provisions of the Fair Credit Billing Act Chase allegedly violated. (*See* Docket Entry No. 12 at ¶¶ 21–22). Because the amended complaint provides neither factual allegations supporting an inference that Chase violated the Act nor an explanation of what provisions were violated, Eustice's Fair Credit Billing Act claims, to the extent that he asserts any, are dismissed, without prejudice and with leave to amend, no later than August 16, 2016.

B.   **The Texas Financial Code and Texas Debt Collection Act Claims**

Eustice alleges that Chase "has charged excessive interest, exceeding the maximum 18% API allowed under Texas law, on the unpaid credit card accounts," violating both the Texas Financial Code and the Texas Debt Collections Act. (Docket Entry No. 12 at ¶ 24). The amended complaint does not identify what provisions of those laws Chase has allegedly violated. (*See id.*). These claims fail because the allegation that Chase charged him excessive interest is too vague to support an inference that Chase violated the either law. This claim is dismissed, without prejudice and with leave to amend, no later than August 16, 2019.

C.   **The Fraud Claim**

Eustice alleges that Chase is liable for fraud because "Chase representatives made several material representations to [him] via oral conversation and in writing, and many of those promises or material representations turned out to be false or were never fulfilled." (Docket Entry No. 12 at ¶ 29). Under Rule 9(b), in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the

statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177. A claim that a fraud allegation is not made with particularity is properly raised by a Rule 12(b)(6) motion to dismiss. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 n.8 (5th Cir. 2009).

Eustice's amended complaint does not meet this heightened pleading standard. It does not allege facts identifying any material misrepresentations made by Chase, who made those statements, when and where those statements were made, or why the statements were fraudulent. Because the amended complaint fails to satisfy the Rule 9(b) pleading standard, the fraud claim is dismissed, without prejudice and with leave to amend.

### D. The Contract Claims

Eustice alleges that Chase breached its written contract. (Docket Entry No. 12 at ¶ 27). The alleged breaches included "mishandl[ing Eustice's] billing disputes" and "not tak[ing] his strong cases to arbitration," closing his two business bank accounts in 2019, and "mishandl[ing his] debit card disputes." (*Id.* at ¶¶ 10, 15, 16). Both parties assume that Texas law applies to this claim. (*See* Docket Entry No. 12; Docket Entry No. 15 at 10). "In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (alteration and quotation omitted).

The amended complaint does not allege facts supporting an inference that a valid, written contract existed between the parties. The amended complaint does not allege the terms of the contract or how Chase breached those terms. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. *Iqbal*, 556 U.S. at

678. The breach of contract claim is dismissed, without prejudice and with leave to amend, no later than August 16, 2016.

### E. The Quasi-Contract Claims

Eustice alleges that Chase is liable for breach of an implied contract based on the duty of good faith and fair dealing, promissory estoppel, and detrimental reliance. (Docket Entry No. 12 at ¶¶ 26–32). According to the amended complaint, Chase's agents "engaged in behaviors that implied certain actions would be fulfilled in good faith," but either neglected or disregarded those implied duties "in breach of [the] implied in fact contract(s)." (*Id.* at ¶¶ 30–31). These agents also "made several material misrepresentations[,] many of [which] . . . turned out to be false or were never fulfilled." (*Id.* at ¶ 29). Chase "neglected or intentionally disregarded" its "implied duties," breaching the implied-in-fact contract. (*Id.* at ¶ 31). The amended complaint alleges that Eustice "asserts any exceptions to contract law allowed under the Doctrine of Promissory Estoppel and Detrimental Reliance." (*Id.* at ¶ 32).

Eustice's claims fail. The amended complaint does not allege what the material misrepresentations were, how Chase failed to meet them, how Eustice detrimentally relied on those representations, or when these events occurred. The allegations are little more than labels. Second, as Chase points out, the duty of good faith and fair dealing is limited to "special relationships," and does not apply when "the relationship is an ordinary, lender-borrower relationship." (Docket Entry No. 15 at 12 (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contrs., Inc.*, 960 S.W.2d 41, 52 (Tex. 1998); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983); *Villanova v. Fed. Deposit Ins. Corp.*, 511 S.W.3d 88, 105 (Tex. App.—El Paso 2014, no pet.))). Eustice's quasi-contract claims are dismissed, with prejudice and without leave to amend, because amendment would be futile.

**IV.     Conclusion**

Chase's motion to dismiss, (Docket Entry No. 15), is granted.  Eustice's quasi-contract claims and his claims under the Fair Credit Reporting Act alleging that Chase did not report his credit information are dismissed, with prejudice and without leave to amend because amendment would be futile.  His claims alleging that Chase pulled his credit report in violation of the Fair Credit Reporting Act, breach of contract, and fraud, and his claims under the Texas Debt Collection Act, Texas Financial Code, and Fair Credit Billing Act, are dismissed, without prejudice and with leave to amend, no later than August 16, 2019.  Eustice's motion suggesting mootness and for an extension of time and Chase's motion for judgment on the pleadings based on Eustice's state-court petition are denied as moot.  (Docket Entry Nos. 6, 10).

Eustice may file an amended complaint no later than **August 16, 2019**.  The initial conference is reset to **September 20, 2019, at 2:30 pm.**

SIGNED on July 12, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge